# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY K. BARTLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-4064-EFM |
| ) | |
| CITY OF ARKANSAS CITY, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend her complaint to add claims for (1) workers compensation retaliation and (2) "whistle-blowing." (Doc. 18). For the reasons set forth below, the motion shall be GRANTED.

## Background

This is an action for wrongful discharge. Highly summarized, plaintiff alleged in her initial complaint that defendant engaged in age, sex, race, and disability discrimination in violation of various federal laws when the City discharged her in June 2008. Plaintiff also asserted that defendant violated state law by retaliating against her for (1) filing a workers compensation claim and (2) engaging in whistle-blower activities. Although plaintiff described the two state law claims in detail in her complaint, she also noted that the 120-day

notice period under K.S.A. 12-105b had not expired.[1]  Because the time for exhausting her state law administrative remedies had not expired, plaintiff explained that she was not suing for workers compensation or whistle-blower retaliation in her initial complaint but would be asserting the claims once the 120-day period had expired.  Plaintiff now moves to amend her complaint to assert the claims for workers compensation and whistle-blower retaliation.

**Analysis**

The standard for permitting a party to amend her complaint is well established. Without an opposing party's consent, a party may amend her pleading only by leave of the court.  Fed. R. Civ. P. 15(a).[2]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.  Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."  Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.  Hom

---

[1] K.S.A. 12-105b is part of the Kansas Tort Claims Act and requires that a person asserting a tort claim against a Kansas municipality file a written notice of the claim with the municipality before commencing such an action.  The action may not proceed until the municipality has denied the claim or 120 days has passed, whichever occurs first.

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).  Defendant's objections to the proposed amendments are discussed in greater detail below.

**Untimely**

Defendant argues the proposed amendment is untimely because the 120-day notice period expired in August 2010 and plaintiff did not formally move to amend her complaint until October 22, 2010.[3]  This argument is not persuasive because plaintiff specifically advised defendant in her original complaint that she would be moving to amend to add the two state law claims after the expiration of the 120-day period.  Moreover, the scheduling order in this case (Doc. 10) provided a November 12, 2010 deadline for any motion to amend and plaintiff's motion was well within that deadline.  In light of the advanced notice provided to defendant and the scheduling order deadline, defendant's objection that the motion to amend is untimely is rejected.

**Futile**

Defendant argues that the proposed "whistle-blower" claim is futile because the amended complaint does not allege that she "blew the whistle" to a person in authority above the wrongdoer.  Plaintiff counters that she has sufficiently alleged reporting to the City Manager and the City's EEOC officer, both of whom had authority over her immediate supervisor. Further, plaintiff requests leave to amend to provide additional factual allegations

---

[3] K.S.A. 12-105b requires that the action be filed within 90 days after the claim is denied or "deemed denied."  Plaintiff's motion was filed within the 90 day period.

if necessary to support her whistle-blower claim.

Plaintiff's allegations concerning (1) the subjects of her complaints and (2) the recipients of the complaints are less than clear. However, the court is not persuaded that defendant has established as a matter of law that the proposed amended complaint is futile. Clearly, plaintiff alleges that she presented numerous complaints to both her immediate supervisor and others in positions of authority. Under the circumstances, the court is not persuaded that the amended complaint is futile.

**Prejudice**

Finally, defendant argues that it is somehow prejudiced because plaintiff could file her two state law claims in state court. The court finds no prejudice to defendant in allowing plaintiff to resolve all of her wrongful termination claims in one proceeding. Requiring plaintiff to proceed in two courts at the same time would be inefficient and a waste of judicial resources.

Defendant also argues that it assumed that plaintiff was not going to proceed with the amended claims because plaintiff did not move to amend in September. This argument is not sufficiently developed or explained and is rejected. Because defendant's objections have been rejected and amendments "shall be freely given when justice so requires," the motion shall be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend her complaint **(Doc. 18)** is **GRANTED.** Plaintiff shall file and serve her amended complaint by **February**

**11, 2011.**

Dated at Wichita, Kansas this 4th day of February 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge