## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARY K. BARTLETT,

*Plaintiff*,

vs.                                                    Case No.10-4064-EFM

CITY OF ARKANSAS CITY, KANSAS,

*Defendant.*

## MEMORANDUM AND ORDER

Highly summarized, this is an employment discrimination action.  Defendant, the City of Arkansas City, Kansas, terminated Plaintiff, Mary K. Bartlett, on June 4, 2008.  Believing that her termination was the result of unlawful discrimination, Plaintiff filed the present action.  This matter is now before the Court on Defendant's motion to dismiss (Doc. 31).  For the reasons stated below, the Court denies Defendant's motion.

### I.  BACKGROUND

On June 4, 2008, Defendant terminated Plaintiff.  Plaintiff received a letter from the Equal Employment Opportunity Commission on March 15, 2010, stating that she had the right to file an action against Defendant for alleged violations of federal anti-discrimination laws within ninety days of receiving the letter.  On April 15, 2010, pursuant to K.S.A. 12-105b(d), Plaintiff informed Defendant of her intent to pursue state-law claims of workers' compensation retaliation and retaliation for whistle blowing.  On June 11, 2010, Plaintiff filed her first complaint, which asserted four claims based on various federal anti-discrimination laws.  Additionally, the complaint set forth

the factual predicate for state-law claims of workers' compensation retaliation and retaliation for engaging in whistle-blowing activity.  However, because Defendant had yet to deny her claims and 120 days had not passed since she sent Defendant notice of her state-law claims, Plaintiff specifically stated in her initial complaint that, at that point in time, she was not asserting any state-law claims.

On August 10, 2010, Defendant filed its answer, which among other things, denied both of the state-law claims contained in the April 15, 2010, correspondence.  On October 22, 2010, Plaintiff filed a motion to amend her complaint to add the state-law claims, which Defendant opposed.  On February 4, 2011, the Court granted Plaintiff's motion, and on February 11, 2011, Plaintiff served Defendant with the amended complaint.

Shortly after being served, Defendant filed a motion to dismiss the state-law claims, arguing that these claims were untimely, as over two years passed between when Plaintiff was terminated and she first asserted her state-law claims.

## II.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[1]   "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]   "The court's function on a Rule 12(b)(6)

---

[1]*Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[3]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[4]  All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[5]  Allegations that merely state legal conclusions, however, need not be accepted as true.[6]

### III.  ANALYSIS

Defendant's argument merits little discussion.  In Kansas, a plaintiff has two years to assert a claim for workers' compensation retaliation or whistle-blowing retaliation.[7]  Here, Plaintiff was allegedly wrongfully terminated on June 4, 2008.  Thus, Plaintiff needed to present Defendant with written notice of her claims arising out of her termination before June 4, 2010,[8] which she did. Defendant denied Plaintiff's state-law claims on August 10, 2010, which meant that Plaintiff needed to assert her state-law claims by November 8, 2010.[9]  Because Plaintiff had already filed a complaint against Defendant, one which already contained the factual allegations necessary to state claims for workers' compensation retaliation and whistle-blowing retaliation, and she could not amend this

---

[3]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[4]*Iqbal*, 129 S. Ct. at 1950.

[5]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*See, e.g., Johnston v. Farmers Alliance Mut. Ins. Co.*, 218 Kan. 543, 548, 545 P.2d 312, 317 (1976); *Kirk v. NIC Leasing, Inc.*, 2009 WL 112824, at *5 (Kan. App. Jan. 16, 2009).

[8]See K.S.A. 12-105b(d).

[9]*See* K.S.A. 12-105b(d) (stating that a plaintiff has ninety days to file a complaint after a municipality denies her claims).

complaint as a matter of right, Plaintiff needed to file a motion for leave to amend her complaint to add her state-law claims, which she did on October 22, 2010.  Plaintiff's filing of a motion to amend tolled the statute of limitations.[10]  Therefore, because Plaintiff filed her amended complaint within the time stated by the Court in its order granting her motion, Plaintiff's assertion of her state-law claims against Defendant was timely, despite they fact that they were formally asserted until February 11,2011.  Accordingly, Defendant's motion is meritless, and should be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Doc. 31) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2011.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10]*See, e.g., Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993); *Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (per curiam); *Rademaker v. E. D. Flynn Export Co.*, 17 F.2d 15, 17 (5th Cir. 1927).