## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARY K. BARTLETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 10-4064-EFM** |
| ) | |
| **CITY OF ARKANSAS CITY, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel complete responses to her production requests (Doc. 44). Defendant opposes the motion, arguing that the motion is untimely and burdensome and seeks irrelevant information. For the reasons set forth below, the motion shall be DENIED.

Plaintiff served her second request for the production of documents on February 11, 2011 and requested metadata and other computer data concerning a June 2, 2008 suspension letter and a June 3, 2008 termination letter. On March 16, 2011, defendant served its responses to the production requests with detailed and lengthy objections to the requests for production of the electronic history of the two documents. Plaintiff filed her motion to compel on April 26, 2011.

D. Kan. Rule 37.1 requires that

> [a]ny motion to compel discovery . . . must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.  Otherwise, the objection to the default, response, answer, or objection is waived.

Because defendant's deadline for responding to the production requests was March 16, 2011 and plaintiff waited until April 26 to move to compel, the motion is untimely unless the court extends the time for "good cause."

The court is not persuaded that good cause has been shown for extending the deadline for plaintiff's motion to compel.  In the best light, plaintiff argues that, for some unexplained reason, her attorney did not receive the discovery responses served on March 16 and requested that defendant resend the responses on March 30, 2011.  The problem with this argument is that even if plaintiff's counsel did not receive defendant's response on March 16, plaintiff had an obligation to file her motion to compel "within 30 days of the ***default.***" D. Kan. Rule 37.1 (emphasis added).  Because defendant's responses were due on March 16, 2011, any "default" would have occurred on that date and plaintiff was still required to file

her motion no later than April 18, 2011.[1]  Plaintiff has failed to show good cause for extending the time period and her motion shall be denied as untimely.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (**Doc. 44**) is **DENIED.**

Dated at Wichita, Kansas this 8th day of August 2011.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[1]

Plaintiff's assertion that the March 16, 2011 responses were not received on that day are difficult to understand.  Defendant emailed its responses to the same address utilized by plaintiff's counsel for other communications about the case without any apparent problem.  Additionally, the court's docket reflects that electronic notification of defendant's "notice of service"  was sent to plaintiff's counsel and his legal assistant at 4:08 pm on March 16, 2011.  At a minimum, the court's electronic notification system put plaintiff's counsel on notice that defendant had served responses to the production requests.